UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BALLAST ADVISORS, LLC, | |
| Plaintiffs, | Case No. 23-CV-3769 (PJS/JFD) |
| v. | |
| SCOTT A. PETERSON, et al., | ORDER ON MOTION TO COMPEL |
| Defendant. | |

This matter is before the Court on Ballast Advisors, LLC's ("Ballast") Motion to Compel Scott A. Peterson, Melinda M. Bradley, and MMX Wealth Partners, LLC ("MMX") (collectively, "Defendants") to respond to various discovery requests. (Dkt. No. 79.) The Court heard oral argument on the Motion on October 2, 2025. Matthew T. Boos and Melissa Stumbras appeared for the Plaintiff, while Joel Andersen and Katie M. Connolly appeared for the Defendants. (Hr'g Mins., Dkt. No. 156 (listing all appearances of counsel).) After hearing oral argument and studying the parties' briefs, the Court grants the motion in part and denies it in part, as described below.

## BACKGROUND

This is a breach of contract case in which Ballast alleges that Defendant Scott Peterson violated his employment contract with Ballast in various ways, including by illicitly using and disclosing Ballast's confidential information, soliciting Ballast clients, and violating a non-compete agreement between the parties. (*See* Sec. Am. Compl. ¶¶78–89, Dkt. No. 73.) It also alleges that Peterson misappropriated trade secrets and confidential

1

information, breached his fiduciary duty and duty of loyalty to Ballast, tortiously interfered with Ballast's prospective economic advantage, and that he was aided and abetted in these actions by his co-defendants. (*See id*. at ¶¶90–127.) In response, Mr. Peterson brings several counterclaims against Ballast and its founding partner, Paul Parnell, including defamation, malicious injury, intrusion upon seclusion, appropriation of Mr. Peterson's name and likeness, and false endorsement under 15 U.S.C. §1125. (*See* Peterson Answer to Sec. Am. Compl. and Counterclaims ¶¶27–70, Dkt. No. 76.)

Generally, Mr. Peterson and Ms. Bradley were hired by Ballast in 2017 and 2019, respectively, with Mr. Peterson working as an investment advisor and Ms. Bradley working as a Client Services Manager, almost exclusively for Mr. Peterson. (*See* Sec. Am. Compl. at ¶¶2, 3, 14, 19, 24.) Ms. Bradley left Ballast in June 2022 and went to work for MMX, a company owned by Mr. Peterson's friend Mark Marxer. (*Id*. at ¶36–37.) In September 2022, Mr. Peterson signed an Employment Agreement that included confidentiality and non-solicitation agreements. (*Id*. at ¶26.) Mr. Peterson resigned from Ballast in February of 2023. (*Id*. at ¶¶38–40.) After leaving Ballast, Mr. Peterson began providing investment advising services in association with Ms. Bradley and MMX, where, Ballast alleges, he has both solicited and advised clients whom he advised with Ballast and whom he agreed not to solicit in his employment agreement in violation of that agreement's confidentiality and non-solicitation clauses. (*Id*. at ¶¶47–51.) Ballast alleges that the plan for Ms. Bradley and Mr. Peterson to leave Ballast for MMX and take Ballast clients was devised in May and June of 2022. (*Id*. at ¶56.)

I.      **Procedural History**

This case has had a slow start. Though the original complaint was filed in December of 2023, the parties did not argue Defendants' Motions to Dismiss until April of 2024, and no action was taken after that hearing until Defendants moved to stay discovery until October of 2024. (*See* Compl., Dkt. No. 1; Defs.' Mem in Supp. of Mot. to Stay 1–2, Dkt. No. 39.) That motion was granted on November 13, 2024 by the Honorable Tony N. Leung, the Magistrate Judge to which this case was referred until his retirement in March of 2025. (Min. Entry, Dkt. No. 45.) Judge Leung lifted that stay on January 7, 2025, and Defendants filed their Amended Answer and Counterclaims on January 24. (*See* Order Lifting Stay, Dkt. No. 53; Am. Ans. and Countercl., Dkt. No. 54.) A Pretrial Scheduling Order was not issued until March 3, 2025, setting the fact discovery and non-dispositive motions deadline for November 1, 2025.[1] (*See* Pretrial Scheduling Order, Dkt. No. 65.) After a substitution of counsel for Defendants in April and another round of amendments to the complaint and countercomplaint in August and September of 2025, Ballast filed this Motion, claiming that Defendants have intentionally delayed and avoided their discovery obligations in several ways, unnecessarily extending this litigation. (*See* Pl.'s Mem. in Supp. 1–3, Dkt. No. 81.)

Ballast states that it re-served its first set of discovery requests on all Defendants on January 10, 2025, three days after the stay was lifted and that Mr. Peterson's first substantive responses came on February 26, consisting of 99 pages of documents. (Pl.'s

---

[1] The fact discovery deadline has since been extended to January 9, 2026, pursuant to a stipulation by the parties. (Am. Pretrial Scheduling Order, Dkt. No. 107.)

Mem. in Supp. 6, Dkt. No. 81.) Ballast did not receive substantive responses from Ms. Bradley and MMX until May 30. (*Id.*) These productions did not include communications between Ms. Bradley and Mr. Peterson, a deficiency that was mirrored in Mr. Peterson's production. (*Id.* at 10.) Ballast claims those responses were inadequate for a variety of reasons, including that Peterson had refused to respond to several requests because "terms like 'Ballast Client,' 'done business with,' and 'You' were vague and ambiguous." (*Id.* at 7) Ballast says that, on multiple occasions, the parties came to agreements about discovery, only to have Defendants' counsel fail to produce promised discovery in a timely manner. (*Id.* at 9.) Mr. Peterson then made additional productions in May of 2025, which Ballast also claims were inadequate, and Ballast says that further attempts by its counsel to retrieve responsive documents were unsuccessful, with regular promises of imminent production going unfulfilled. (*Id.*) This pattern of promises to produce documents followed by a failure to follow through on those promises allegedly continued throughout the summer of 2025 and ultimately led to Ballast's decision to file this motion on September 18.

For their part, Defendants largely do not object to Ballast's characterization of the Discovery process to date. Rather, they make legal arguments as to vagueness and this Court's authority to order discovery and base their objections on the Proposed Order presented to the Court, rather than Ballast's substantive claims of deficiency. As explained below, the Court finds Defendants' legal arguments dubious, at least. In fact, the day after the hearing, Defendants submitted a letter to the Court, stating that they now plan on

4

producing a majority of the documents sought by Ballast in the motion. (Defs.' Oct. 7, 2025 Letter, Dkt. No. 101.)[2]

In response to Defendants' post-hearing letter, Ballast also submitted a letter, insisting that the Court still order Defendants to produce the discovery in the motion. (Pl.'s Oct. 8, 2025 Letter, Dkt. No. 104.) In it, Ballast argues that the promises in Defendants' letter are more limited than the discovery requested in the Motion and that "[t]he promises in [the] letter … resemble the vague promises that forced Ballast to file its motion to compel in the first place. A binding court order will productively move this case forward." (*Id.*)

## II.  Legal Standards

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In determining proportionality, courts consider numerous factors, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

---

[2] While not at issue in this motion, the day after oral argument Defendants also withdrew (Dkt. No. 99) a pending motion for partial dismissal of Plaintiff's amended complaint under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 90) The Court had several times expressed its view that this motion, while perhaps legally defensible, would have no practical effect on the litigation and would almost certainly slow it down.

If a party believes that an opposing party has failed to respond to discovery, or has served insufficient responses, it may "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). A court may compel responses if a party fails to designate a witness for deposition as noticed under Rule 30, to answer an interrogatory propounded under Rule 33, or to produce documents requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(ii)–(iv). For purposes of such a motion, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

A proper discovery response must either answer the request fully or state with specificity the grounds for objecting to the request. *See* Fed. R. Civ. P. 33(b), 34(b)(2). Objections must be stated with specificity and in relation to specific requests; any ground "not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause." *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 424 (D. Minn. 2012). The party seeking discovery bears the initial responsibility for making a threshold showing of relevancy before the production of information is required. *See, e.g.*, *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). "Courts generally have wide discretion in granting or denying discovery requests." *Reese v. Sherburne Cnty. Det. Ctr.*, No. 0:19-CV-1975-ECT-KMM, 2021 WL 1723780, at *1 (D. Minn. Mar. 16, 2021) (citing *Robinson v. Potter*, 453 F.3d 990, 994–95 (8th Cir. 2006); *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000).

**DISCUSSION**

Ballast seeks substantive responses to a wide range of discovery requests, all of which it claims Defendants have either outwardly refused to produce or have promised to produce and failed to fulfill those promises. Among those requests are 1) "emails to, from, or including Mr. Peterson's 'advisorpete@gmail.com' email address," which Ballast alleges Peterson used in 2022 and 2023 to "establish, organize and run his competing investment advisory business;" 2) communications between the 'key players' in the lawsuit, including Mr. Peterson, Ms. Bradley, Messrs. Marxer and Leftwich of MMX, and representatives of ASN (an investment advisory firm that Ballast alleges Defendants use to advise clients); 3) communications and notes of communications between Defendants and Ballast clients; and 4) "documents evidencing Peterson's retention and use of Ballast's confidential information and trade secrets." (Pl.'s Mem. in Supp. 14–15, Dkt. No. 81.) Ballast also seeks a 90-day extension of the fact discovery deadline for itself, without any extension for Defendants. (*Id*. at 37–38.)

The Court finds that the discovery in all four of these categories is foundationally relevant to the claims and defenses in this case. Defendants largely do not object to that conclusion, nor could they. Given the fact that the discovery Ballast seeks is obviously relevant in a case of this type, the Court also finds the requested discovery to be proportional. Further, after the hearing in this case, Defendants filed a letter with the Court saying that they will be producing a wide range of documents sought in the motion, including:

7

- All non-privileged emails (including attachments) from [various] email accounts for all of 2022 and 2023, regardless of content or recipients.
- All non-privileged emails (including attachments) between Peterson and Bradley for all of 2022 and 2023 from [various] email accounts, regardless of content, and including third parties.
- All text messages in Peterson's and/or Bradley's possession between Peterson and Bradley from 2022 and 2023, regardless of content.
- All emails (including attachments) between any "@advservnet.com" email address and Mark Marxer's … email account, for all of 2022 and 2023, regardless of content.
- All emails (including attachments) between Bradley and any Ballast Client (as Ballast has defined that concept during meet-and-confers) for all of 2022 and 2023, regardless of content.
- Peterson's 2022 cell phone records.

(Defs.' Oct. 7, 2025 Letter, Dkt. No. 101.) The email accounts listed in the letter include those discussed in Ballast's memorandum. Rather than causing the Court to consider the Motion moot, Defendants' letter rather reads as a concession of the relevance and proportionality of Ballast's discovery requests and of the impropriety of Defendants' refusal to produce the documents at issue. The Court will not entertain a motion from Plaintiffs for an award of fees and costs at this time, but warns Defendants that they cannot avoid the issuance of a court order awarding costs to Plaintiff by changing their tune *after* the expense, time, and aggravation of formal motions practice and months of delay. However, given Defendants' submission to the Court that it intends to correct this behavior going forward, the Court declines to order sanctions today

Accordingly, the Court orders that Defendants produce the following within 14 days of the filing of this order:

1. All non-privileged emails (including attachments) *to, from, or including* the email accounts listed in Defendants' post-hearing letter for all of 2022 and 2023, regardless of content or recipients;

2. All non-privileged emails (including attachments) between Mr. Peterson and Ms. Bradley for all of 2022 and 2023 *to, from, or including* the email accounts listed in Defendants' post-hearing letter, regardless of content, and including third parties;

3. All text messages between Mr. Peterson and Ms. Bradley from 2022 and 2023, regardless of content *and whether they include third parties*;

4. All emails (including attachments) *to, from, or including* any "@advservnet.com" email address and Mark Marxer's ... email account, for all of 2022 and 2023, regardless of content *and whether they include third parties*;

5. All emails (including attachments) between Ms. Bradley and any Ballast Client (as Ballast has defined that concept during meet-and-confers) for all of 2022 and 2023, regardless of content *and whether they include third parties*; and

6. Mr. Peterson's 2022 cell phone records.

The parties will file a joint status report with the Court no later than 21 days after the date of this order detailing compliance with its terms.

In its letter, Ballast also raises a concern about spoliation in response to claims by Defendants that, in response to some requests, certain defendants have "produced all responsive" discovery. (Ballast's Oct. 8, 2025 Letter, Dkt. No. 104.) It bases those concerns on the fact that some of the text messages produced were not from Mr. Peterson's phone. While there is no spoliation-related motion before the Court, the Court reminds Defendants

of the severe consequences of intentional spoliation of evidence. *See Paisley Park Enters., Inc. v. Boxill*, 330 F.R.D. 226, 232 (D. Minn. 2019). The Court also reminds parties of their obligations to preserve discoverable Electronically Stored Information and to retrieve such information from other sources, if the originals have been destroyed.

As to Ballast's Motion for an extension of the fact discovery deadline, the Court denies the motion as moot. The Court recently issued an Amended Pretrial Scheduling Order, pursuant to stipulation by the parties. (*See* Am. Pretrial Scheduling Order, Dkt. No. 107.)

## CONCLUSION

Accordingly, based on the foregoing and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Ballast Advisors, LLC's Motion to Compel is GRANTED in part and DENIED in part.

2. Defendants will produce the ordered discovery within 14 days of the date of this order.

3. The parties will file a joint status report detailing compliance with this order within 21 days of the date of this order.

Date: October 21, 2025

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge