**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

BALLAST ADVISORS, LLC,

               Plaintiffs,

v.

SCOTT A. PETERSON, et al.,

               Defendant.

Case No. 23-CV-3769 (PJS/JFD)

**ORDER**

---

This matter is before the Court on Plaintiffs' request for fees and costs (Dkt. No. 221, Dkt. No. 226) made pursuant to the Court's June 2, 2026 Order (Dkt. No. 225). That order granted Plaintiff's Motion for Sanctions pursuant to Fed. R. Civ. P. 37(e) in part and stated that (1) pursuant to Fed. R. Civ. P. 37(e)(1), Defendants must reimburse plaintiff's fees and costs incurred in bringing the September 18, 2025 Motion to Compel and the February 16, 2026 Motion for Sanctions; (2) Plaintiff's Motion for Sanctions pursuant to Fed. R. Civ. P. 37(e)(2) is deferred until trial and; (3) Plaintiff's motion is denied in all other aspects. (June 2, 2026 Order 3, Dkt. No. 225.) Defendants filed a Response in Opposition to Plaintiff's Accounting of Attorneys' Fees (Dkt. No. 229). The Court concludes that Plaintiff is entitled to recover attorneys' fees in the amount set forth below.

I.     **LEGAL STANDARDS**

Once a court determines that a party is entitled to attorneys' fees and costs, the court bears the responsibility of determining a reasonable amount of fees and costs. *See Blum v. Stenson*, 465 U.S. 886, 893–95 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

1

The starting point for determining a reasonable attorneys' fee is the lodestar calculation, which is determined by deciding upon a reasonable hourly rate, then multiplying the number of hours reasonably expended on the litigation by that rate. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005) (citation omitted); *see also Hensley*, 461 U.S. at 433. The party seeking attorneys' fees bears the burden of documenting the hours worked and the rates claimed, and where the documentation is inadequate, the district court may reduce the award accordingly. *Hensley*, 461 U.S. at 433; *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002).

In calculating the lodestar, courts need not "become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). The goal is to "do rough justice, not to achieve auditing perfection." *Id.* Courts may rely on their overall sense of the litigation and use reasonable estimates in calculating attorney time, recognizing that fee disputes "should not result in a second major litigation." *Id.* (quoting *Hensley*, 461 U.S. at 437).

## II.   DISCUSSION

### A. Reasonable Rates

"A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001). Counsel bears the burden of "produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n.11. Here, Ballast seeks attorneys' fees for the work of three attorneys and one paralegal in connection with Ballast's February 16, 2026,

Motion for Rule 37(e) Sanctions and its September 18, 2025, Motion to Compel Discovery. (*See* Ballast June 4, 2026 Letter, Dkt. No. 226.)

Matthew T. Boos, a shareholder at the law firm of Fredrikson & Byron, P.A., has over 30 years of experience in business litigation and bills at an hourly rate of $685 per hour ($655/hour in 2025). (Boos Aff. ¶¶ 1–2, Dkt. No. 222.) Melissa Stumbras, a senior associate at Fredrikson, bills at an hourly rate of $600 per hour ($555/hour in 2025). (*Id.* ¶ 3).  Christopher Markuson, an associate at Fredrikson, bills at an hourly rate of $510 per hour ($430/hour in 2025). (*Id.* ¶ 4.) Lastly, Annagrace Noor, a paralegal at Fredrikson, bills at $230 per hour ($210/hour in 2025). (*Id.* ¶ 5.) Ballast contends that the standard hourly rates charged by Fredrikson are well within the range of hourly rates charged by peer firms in the community and reflect the experience and skill levels of the attorneys and paralegals and the market rates for similarly situated attorneys and paralegals in the community. (*Id.* ¶ 7.)

Courts in this District have approved comparable hourly billing rates for attorneys and paralegals with similar skill, experience, and expertise. *See, e.g.*, *T&T Mgmt., Inc. v. Choice Hotels Int'l, Inc.*, No. CV 24-1504 (JRT/DTS), 2025 WL 2210887 (D. Minn. Aug. 4, 2025) (approving attorney rates up to $695 per hour depending on skill and experience); *Krekelberg v. City of Minneapolis*, No. CV 13-3562 (DWF/TNL), 2023 WL 4828382 (D. Minn. July 27, 2023) (approving attorney rates up to $675 per hour); *Barclay v. iFIT Health & Fitness*, Inc., No. 19-CV-2970 (ECT/DJF), 2025 WL 3004039, at *14 (D. Minn. Oct. 27, 2025) (approving paralegal rates up to $250 per hour); *Safelite Grp., Inc. v. Rothman*, No. CV 15-1878 (SRN/KMM), 2017 WL 3495768 (D. Minn. Aug. 11, 2017) (finding

3

Fredrikson's hourly rates to be reasonable). (Boos Aff. ¶ 8, Dkt. No. 222.) Here, Mr. Boos has over thirty years of specialized, practical experience relevant to this case and the requested hourly rate is commensurate with Mr. Boos's experience and skill in this matter. (*Id*. ¶ 1.) The billing rates for Ms. Stumbras, Mr. Markuson, and Ms. Noor also represent their respective experience and skill in this matter. (*Id.* ¶¶ 3–5). Therefore, the Court finds that the requested hourly rates are reasonable and consistent with the Twin Cities market rates.

## B. Reasonable Hours

Ballast seeks no less than $163,819.50 for approximately 309.50 hours of billed attorney time. (Boos Aff., Ex. A at 1–15, Dkt. No. 222-1.) In calculating the hours for which to award fees, the Court should exclude hours that were not "reasonably expended," because a prevailing party is not entitled to recover for "hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 433-34 (citation omitted). In considering whether hours were "reasonably expended," courts should "weigh the hours claimed against their own knowledge, experience, and expertise of the time required to complete similar activities." *Paris Sch. Dist. v. Harter ex rel. A.H.*, 894 F.3d 885 (8th Cir. 2018) (citation omitted).

Defendants argue that the requested fee award, imposed as a spoilation sanction, should be reduced because the billing records contain excessive, duplicative, vague, and inadequately documented time entries. (Defs.' Resp. 5, Dkt. No. 229.) According to Defendants, these deficiencies independently warrant a reduction or exclusion to ensure that any fee award remains compensatory rather than punitive. (*Id*.) Defendants further

4

submit that the total requested fees should be reduced by 80% (to $20,954.40) to ensure that any award is limited to fees actually caused by the alleged loss of electronically stored information (ESI), as required by Rule 37(e)(1) and controlling Supreme Court precedent. (*Id.* at 10.)

### 1.  *Excessive Hours*

Defendants point out that Ballast's counsel billed 49.3 hours, totaling $28,649.00, solely for drafting the memorandum of law supporting the motion and argue that this amount of time is unreasonable. (Defs.' Resp. 10, Dkt. No. 229.) In Defendants' view, the time dedicated to drafting is excessive for a discovery motion, because, say Defendants, such motions do not require extensive legal analysis. (*Id.* at 10–11.) Defendants also assert that the Court has previously recognized that it should "reduce the award for entries that the Court finds could have been accomplished more quickly, or at a lower rate." *Parke v. First Reliance Standard Life Ins. Co.*, 2003 WL 131731, at *4 (D. Minn. Jan. 8, 2003), rev'd on other grounds, 368 F.3d 999 (8th Cir. 2004); (Defs.' Resp. 12, Dkt. No. 229). Defendants request that the drafting time billed by Ballast's attorneys be reduced by 50%. (*Id.*)

Although the Court recognizes that many discovery motions involve relatively routine issues, Ballast's counsel's work in this matter extended beyond the preparation of a standard motion. The billing records reflect time spent attempting to obtain discovery, researching the applicable law, drafting and revising a 41-page memorandum in support of the Motion to Compel, preparing for meet and confer efforts, and addressing the parties' discovery disputes. Ballast's attorneys performed different tasks rather than duplicating

one another's work. (*See* Boos Decl. Ex A, Dkt. 222-1.) Under these circumstances, the Court concludes that Ballast has met its burden of demonstrating that the hours spent in connection with the Motion to Compel were reasonable. Accordingly, the Court declines to reduce the requested attorneys' fees for memorandum drafting on the ground that counsel hours litigating the Motion to Compel were excessive.

### 2. Duplicative Time

In addition to showing that the fees incurred are directly related to the ESI loss, the burden falls on the party seeking fees to show its documented time entries are reasonable, necessary, and adequately documented. *Wheeler v. Mo. Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003). Defendants argue that Ballast has failed to satisfy its burden, and the Court should exclude all time entries that are duplicative and unnecessary. (*Id.*)

Defendants argue that Ballast's counsel billed duplicative time. (Defs.' Resp. 11, Dkt. No. 229.) The participation of multiple attorneys is not, standing alone, unreasonable, particularly in complex litigation. Rather, the relevant question is whether each attorney performed distinct tasks that meaningfully advanced the representation or whether the billing records reflect unnecessary duplication of effort. Having carefully reviewed the challenged billing entries, the Court concludes that the time billed was not impermissibly duplicative. Although multiple attorneys worked on the motions, the billing records reflect that counsel divided responsibilities among themselves, including conducting legal research, drafting and revising filings, preparing supporting exhibits, and addressing separate aspects of the discovery disputes. The billing entries do not indicate that counsel billed for performing the same task or otherwise engaged in unnecessary duplication of

effort. Rather, the work performed appears complementary and reflects an appropriate division of tasks throughout billing. Accordingly, the Court declines to reduce the requested fees on the ground that counsel billed duplicative time.

### 3. *Vague or Inadequately Documented Entries*

"Documentation which is so inadequate so as to preclude any meaningful determination as to whether counsel's time was excessive, redundant, unrelated, or otherwise unnecessary may warrant a reduction in the amount of fees requested." *Lawson v. Deboer Transp., Inc.*, 2009 WL 4801927, at *1 (E.D. Mo. Dec. 9, 2009) (citing *H.J., Inc. v. Flygt Corp.,* 925 F.2d 257, 260 (8th Cir. 1991)); s*ee also LC Franchisor, LLC v. Valley Beef, LLC,* 2016 WL 7405841, at *2 (E.D. Mo. Dec. 22, 2016) (disallowing vague and general billing entries). (Dkt. No. 229 at 12-13.)

"A reduction for 'block-billing' is appropriate for billing entries that specify only the daily activities, but that do not specifically indicate how much time was spent on each individual task." *Luken v. Edwards*, 2012 WL 5332193, at *4 (N.D. Iowa Oct. 26, 2012) (internal quotations and citations omitted). Block-billing is discouraged because it is "nearly impossible" to determine how much time was spent on an individual task and whether that amount was reasonable. *Mach. Maint., Inc. v. Generac Power Sys., Inc.*, 2014 WL 1725833, at *3-*4 (E.D. Mo. Apr. 29, 2014) (removing block billed entries from the award). Even if there is no rule against block billing, the Eighth Circuit has made clear that "a reduction in attorneys' fees may be appropriate when ... block billing is submitted." *Gruttemeyer v. Transit Auth. of the City of Omaha*, 31 F.4th 638, 651 (8th Cir. 2022) (quoting *Ryan Data Exch., Ltd. v. Graco, Inc.*, 913 F.3d 726, 736 (8th Cir. 2019)).

7

Defendants argue that numerous billing entries are so impermissibly vague or inadequately documented that Ballast's invoices amount, functionally, to block-billing. (Defs.' Resp. 12, Dkt. No. 229.) Defendants state that Ballast includes narratives that describe activities such as "[a]ttention to discovery matters," "[a]ttention to motion to compel matters," and "[w]ork on motion to compel matters," that are too vague to be included in an award of fees and, therefore, should be excluded. (*Id.* at 13.) Defendants ask the Court to excise records that are insufficient to support the requested fees to the extent they rely on block-billing. (*Id.*)

The Court agrees that the block-billing here impedes meaningful review of some entries submitted by Ballast's counsel, where multiple tasks are grouped together without identifying the time devoted to each task.  For many of the entries, the court had no trouble understanding what work was performed during a given time block or assessing whether the time was reasonably expended for the related tasks noted because they contained sufficient detail and specificity to give reasonable confidence that the time billed was productively spent and reasonably related to one general task. However, there are at least eight other entries where such determinations are impossible. The Court finds that those entries do not provide grounds for an award of fees and excises them from the total fee award.

For example, on January 16, 2026, Ms. Stumbras billed 4.90 hours for: "Continuing to revise memorandum in support of Rule 37 motion for sanctions; assist in preparation of declaration and exhibits; prepare meet and confer statement and proposed order; communicate with opposing counsel regarding alleged deficiencies and briefing schedule

8

on motion for sanctions; revise deficiency letter to opposing counsel." (Boos Decl. Ex. A. at 15, Dkt. No. 222-1.) This entry contains multiple tasks, some of which bear more and some of which bear less of a relationship to the core work of preparing the motion to compel, and the Court cannot determine how much time was spent on each.

Excluded from the fee award on block-billing grounds are the September 17, 2025 entry by Mr. Boos for 7.50 hours; the September 25, 2025 entry by Mr. Boos for 3.00 hours; the September 30, 2025 entry by Mr. Boos for 6.00 hours; the October 1, 2025 entry by Mr. Boos for 8.30 hours; the September 10, 2025 entry by Mr. Boos for 1.50 hours; the January 5, 2026 entry by Mr. Boos for 2.80 hours; the February 16, 2026 entry by Mr. Boos for 5.50 hours; and the February 15, 2026 entry by Ms. Stumbras for 4.90 hours. Therefore, the total hours that will be excluded are 34.60 at Mr. Boos's hourly billing rate (of which 26.30 hours are at Mr. Boos's 2025 hourly rate while the remainder, 8.30 hours, are at Mr. Boos's higher, 2026 hourly rate), and 4.90 at Ms. Stumbras's 2026 hourly billing rate. Mr. Boos's total bill is reduced by $22,912, and Ms. Stumbras's bill is reduced by $2,940, resulting in a total reduction of $25,852.

## C. Lodestar Calculation and Deductions

Ballast states that it incurred $152,066.50 in attorneys' fees (Boos Decl. ¶ 12, Dkt. No. 222) and $5,334.00 in paralegal fees in to bring its Motion to Compel Production and Motion for Rule 37(e) Sanctions. (*Id*. ¶ 13). It also claims $6,419.00 in fees for 11.90 hours of time to prepare an accounting for the Court, including the declaration and the attached exhibits. (*Id*. ¶ 14). Based on the foregoing, the Court finds that a large part of Ballast's claimed fees and expenses are recoverable and consistent with the Court's prior order, but

9

the challenged block-billed entries do not permit meaningful review of the reasonableness of the time expended and therefore excludes those entries from the lodestar calculation. The Court accordingly reduces Ballast's requested attorneys' fees by $25,852, representing the value of the excluded time entries, bringing the running total of attorneys' fees to $126,214.50.

Further, the time reasonably expended preparing that accounting, together with the supporting declaration and accompanying exhibits, was incurred in compliance with the Court's request and is compensable. *See El-Tabech v. Clarke*, 616 F.3d 834, 844 (8th Cir. 2010) (recognizing that time spent preparing fee applications is generally compensable, though subject to review for reasonableness). In its Report and Recommendation, the Court expressly directed Ballast to submit an accounting of the fees incurred. (May 1, 2026 R&R 20, Dkt. No. 219.) Accordingly, the Court declines Defendants' invitation to reduce the award by $6,419.00 for 11.90 hours of attorney time preparing the accounting.

Finally, the Court must address the fact that the original Motion to Compel addressed discovery outside the scope of the ESI loss at issue in the Motion for Sanctions. The Motion to Compel, heard on October 2, 2025, addressed multiple issues, and the Court must only award sanctions under Rule 37(e) for fees incurred as a result of the spoliation. While not entirely clear from the briefing, review of the billing records shows that Ballast seeks $82,051 in attorneys' fees and $4,347 in paralegal fees for the Motion to Compel. These amounts reflect the attorney time submitted up to and including October 3, 2025 and the paralegal time submitted up to and including October 2, 2025. Because the Motion to Compel addressed multiple issues, the Court determines that it is fair and reasonable to

10

excise half of each amount from the total award here. Accordingly, the Court reduces the remaining $126,214.50 in attorney fees by $41,025.50 and $5,334.00 in paralegal fees by a further $2,173.50.

In total, the Court awards Ballast $85,189 in recoverable attorneys' fees and $3,161 in recoverable paralegal fees incurred in connection with the Motion to Compel Production and the Motion for Rule 37(e) Sanctions, for a total of $88,350. The Court recognizes that this is a substantial sum. While the Court has some discretion in the amount awarded, it must also be recognized that in the main, the amount awarded is the amount arrived at by straightforwardly applying the legal principles that govern fee awards to the facts of this case and that one of those facts is that while the amount awarded is large, the amount of ESI lost through spoliation was also large, and the ESI may have been highly relevant to the claims and defenses in this case.

## III.   CONCLUSION

Accordingly, based on the foregoing and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Plaintiff's Requests for Attorneys' Fees (Dkt. Nos. 221, 226) are **GRANTED in part and DENIED in part**. Defendants shall pay Ballast's counsel $88,350 in reasonable attorneys' fees and recoverable paralegal fees incurred in connection with Ballast's Motion to Compel Production and Motion for Rule 37(e) Sanctions (Dkt. Nos. 79, 148).

Date: August 3, 2026

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge

11